878 So.2d 227 (2004)
Andrew CAMPBELL, a/k/a Dick Campbell, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-00977-COA.
Court of Appeals of Mississippi.
March 9, 2004.
Certiorari Denied July 22, 2004.
*228 Andrew Campbell, appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before KING, P.J., THOMAS and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. Andrew Campbell pled guilty to two counts of the sale of a controlled substance and was sentenced to a total of eighteen years with five years suspended. Campbell filed a motion for post-conviction relief which was denied by the trial court as frivolous. Campbell now appeals and requests our review of the following issues:
I. WAS THE APPELLANT'S INDICTMENT VALID?
II. WAS THE APPELLANT ENTRAPPED?
III. WAS THE APPELLANT DENIED A SPEEDY TRIAL?
IV. WAS THE APPELLANT IMPROPERLY DENIED DISCOVERY?
V. WAS THE APPELLANT'S GUILTY PLEA KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTERED?
VI. WAS THE APPELLANT'S SENTENCE IMPROPER?
VII. WAS THE APPELLANT DENIED INEFFECTIVE ASSISTANCE OF COUNSEL?

STATEMENT OF FACTS
¶ 2. An indictment was filed in the Circuit Court of Montgomery County charging Campbell in Count I, with the sale of cocaine, and in Count II, with the sale of marijuana. Campbell entered a plea of guilty to the crimes charged in the indictment. As to Count I, Campbell was sentenced *229 to serve a term of fifteen years in the custody of the Mississippi Department of Corrections with five years suspended. As to Count II, Campbell was sentenced to serve a term of three years to run concurrently with the sentence imposed in Count I.
¶ 3. Campbell filed a post-conviction motion to vacate his guilty plea. In support of this motion, Campbell claimed his indictment was defective, he was entrapped, he was denied a speedy trial, he was improperly denied discovery, his guilty plea was involuntary, his sentence was improper, and his counsel provided ineffective assistance. The trial judge, in a ten-page opinion, set out Campbell's factual and legal claims and then made detailed findings as to why these claims were without merit. The court based its decision on the contents of the court file on Campbell, including the transcript of the plea hearing in this case. The trial judge entered an order denying Campbell's requested relief and finding as a fact that Campbell's motion was frivolous. As a penalty, the trial judge ordered that Campbell forfeit sixty days of his earned time. Aggrieved by this result, Campbell filed the present appeal.

LEGAL ANALYSIS

I. WAS THE APPELLANT'S INDICTMENT VALID?
¶ 4. Campbell argues his indictment is defective because Count I of the indictment did not specify the amount of cocaine that he allegedly sold. Rule 7.06 of the Uniform Rules of Circuit and County Court Practice states that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation."
¶ 5. However, with the exception of trafficking, the penalty for the sale of cocaine is the same regardless of the quantity that was sold. Miss.Code Annotated § 41-29-139(a)(1), (b)(1) (Rev.2001). Therefore, the amount of cocaine that Campbell sold was not an essential element to the crime. Williams v. State, 821 So.2d 883, 887 (¶ 16) (Miss.Ct.App.2002). The indictment was not defective.

II. WAS THE APPELLANT ENTRAPPED?
¶ 6. Campbell argues his convictions should be set aside because he was entrapped. The transcript of the plea hearing reveals that Campbell and his attorney discussed the possibility of going to trial and presenting an entrapment defense. The plea hearing also reveals that Campbell decided not to pursue the defense, but instead, entered a guilty plea.
¶ 7. Assuming Campbell's pleas were voluntarily entered, Campbell waived any defense he might have had to the charge, including the defense of entrapment. Taylor v. State, 766 So.2d 830, 835 (¶ 24) (Miss.Ct.App.2000). The waiver doctrine would also preclude Campbell from arguing that he was denied an initial appearance. Id. Since we hold below that Campbell's guilty plea was in fact voluntarily entered, we find this issue to be without merit.

III. WAS THE APPELLANT DENIED A SPEEDY TRIAL?
¶ 8. Campbell argues that he is entitled to relief from this Court because he was denied his constitutional right to a speedy trial. All offenses for which indictments are presented to the court shall be tried no later than two hundred seventy days after the accused has been arraigned. Miss.Code Annotated § 99-17-1 (Rev.2000).
*230 ¶ 9. The indictment against Campbell was filed on March 7, 2002. Five days later, Campbell waived arraignment but entered a plea of not guilty to the charges contained in the indictment. On October 7, 2002, Campbell entered a plea of guilty to the charges contained in the indictment. A total of two hundred nine days elapsed between the time Campbell waived arraignment and the date he entered his guilty plea. As a result, Campbell was not denied his statutory right to a speedy trial.
¶ 10. The analysis continues, however, because a criminal defendant also has a constitutional right to a speedy trial. This right attaches when a person has been effectively accused of a crime. Box v. State, 610 So.2d 1148, 1150 (Miss.1992). When considering whether there has been a denial of the constitutional right to a speedy trial, a delay of eight months or longer is presumed to be prejudicial. Handley v. State, 574 So.2d 671, 676 (Miss.1990) (quoting Smith v. State, 550 So.2d 406, 408 (Miss.1989)). However, if the delay is not presumptively prejudicial, the inquiry is halted and no other factors need be considered. Smith, 550 So.2d at 408.
¶ 11. Since only seven months elapsed between the time Campbell was indicted and the date of his conviction, this Court, like the trial court, finds no further inquiry necessary. Campbell was denied neither his statutory nor his constitutional right to a speedy trial.

IV. WAS THE APPELLANT IMPROPERLY DENIED DISCOVERY?
¶ 12. Campbell argues his convictions should be set aside because he was not provided discovery. The record reveals that a motion for discovery was filed by Campbell's attorney on April 3, 2002. The trial court took judicial notice of the fact that the district attorney's office in the fifth circuit court district routinely provides discovery to defense attorneys as soon as a motion is filed, and without the necessity of entering a court order. However, the record is silent as to whether discovery was received.
¶ 13. In addition, as noted above, a "valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial." Anderson v. State, 577 So.2d 390, 391 (Miss.1991). Since we hold below that Campbell's guilty plea was valid, we find this issue to be without merit.

V. WAS THE APPELLANT'S GUILTY PLEA KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTERED?
¶ 14. Campbell argues his plea was the result of coercion and fear. Specifically, Campbell argues that he was coerced into pleading guilty out of fear that he would receive a thirty year sentence, due to emotional stress caused by his family, and because of erroneous advice from his counsel. However, Campbell's claim is at direct odds with the record. The transcript from the plea hearing reveals that Campbell was concerned about the effects the pending criminal charges were having on his family. Despite this, the transcript clearly shows that the decision to plead guilty was solely Campbell's.
¶ 15. There is no evidence in the record that Campbell pled guilty because he was pressured or threatened by anyone or due to the fear of receiving a thirty year sentence. In addition, Campbell has offered no specific facts to support his claim that he pled guilty because of his counsel's erroneous advice. As a result, we hold that Campbell's guilty plea was knowingly, intelligently, and voluntarily entered.

*231 VI. WAS THE APPELLANT'S SENTENCE IMPROPER?
¶ 16. Campbell argues that he should be re-sentenced because the trial court was unaware of the fact that he had no prior felony convictions at the time he was sentenced. In support of this argument, Campbell directs our attention to Mississippi Code Annotated Section 41-29-139.
¶ 17. We find that Campbell is incorrect in his assertion that the trial court was unaware of the fact that he had no prior felony convictions at the time he was sentenced. Paragraph eight of Campbell's petition to enter a plea of guilty stated this fact. Campbell is also incorrect in his assertion that Mississippi Code Annotated Section 41-29-139 creates authority for the trial court or this Court to re-sentence him. Our review of that particular statute grants no such authority. Even assuming arguendo that it did, we would still decline because we find Campbell's sentence to be fair and proper under the circumstances.

VII. WAS THE APPELLANT DENIED INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 18. Campbell argues that he received ineffective assistance of counsel because his attorney failed to challenge a defective indictment, because his attorney destroyed discovery material, and because his attorney allowed him to plead guilty out of fear, coercion, and the threat of a thirty year sentence. As noted above, there was no defect in the indictment filed against Campbell. In addition, this Court has determined that Campbell's plea was valid. As a result, the only remaining issue is the alleged destruction of evidence.
¶ 19. Campbell claims that his attorney destroyed a copy of a tape. The trial court presumed that the tape depicted Campbell selling the cocaine and marijuana. Regardless, we find this final issue to be without merit because Campbell has failed to offer any affidavits in support of his claim. Robertson v. State, 669 So.2d 11, 13 (Miss.1996).
¶ 20. Under Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Campbell has the burden of proving that his counsel's assistance was deficient and that the deficiency resulted in prejudice. Even if we assume that Campbell's attorney actually destroyed the tape, it would be impossible for Campbell to be prejudiced by its destruction. In other words, the tape could have only hurt Campbell's case. We find the conduct of Campbell's counsel to be in no way deficient. As a result, Campbell's final claim is without merit.
¶ 21. After a careful examination, we find that the claims included in Campbell's post-conviction motion were either waived by his valid guilty plea or contradicted by the record. As a result, we affirm the trial court's denial of Campbell's post-conviction relief.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF MONTGOMERY COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONTGOMERY COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.