916 So.2d 553 (2005)
Carl Douglas NECAISE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-00757-COA.
Court of Appeals of Mississippi.
December 13, 2005.
*554 Carl Douglas Necaise, Appellant, pro se.
*555 Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before KING, C.J., BRIDGES and GRIFFIS, JJ.
BRIDGES, J., for the Court.
¶ 1. On November 30, 2000, the Harrison County Grand Jury returned an indictment and accused Carl Douglas Necaise of touching a child for lustful purposes and recidivism as a habitual offender. Necaise pled guilty to touching a child for lustful purposes, a violation of Mississippi Code Annotated Section 97-5-23(1). In exchange for Necaise's guilty plea, the prosecution agreed to drop Necaise's habitual offender charge. Accordingly, the Harrison County Circuit Court sentenced Necaise to twelve years incarceration in the Mississippi Department of Corrections. The circuit court suspended nine years of Necaise's sentence and left three years to serve followed by three years of post-release supervision.
¶ 2. During January of 2003, Necaise filed an unsuccessful motion to withdraw his guilty plea. On August 1, 2003, Necaise filed a motion to suspend or reduce his sentence. The circuit court treated Necaise's motion like a motion for post-conviction relief and denied Necaise's motion. Then, on November 8, 2004, Necaise filed his pro se motion for post-conviction relief. The circuit court reviewed the merits of Necaise's motion and dismissed Necaise's motion on the basis of the successive writ bar detailed at Mississippi Code Annotated Section 99-39-27(9). Aggrieved, Necaise appeals and claims: (1) that he did not plead guilty knowingly, intelligently, and voluntarily, and (2) that he received ineffective assistance of counsel. Finding no error, we affirm.

STANDARD OF REVIEW
¶ 3. "When reviewing a lower court's decision to deny a petition for post-conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." Brown v. State, 731 So.2d 595, 598(¶6) (Miss.1999). "However, where questions of law are raised the applicable standard of review is de novo." Id.

ANALYSIS

I. DID NECAISE PLEAD GUILTY KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY?
¶ 4. A guilty plea is considered "voluntary and intelligent" if the defendant is advised about the nature of the charge and the consequences of the entry of the plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). The defendant must be instructed that a guilty plea waives his or her rights to a jury trial, to confront adverse witnesses, and to protection against self-incrimination. Id. "A plea is voluntary if the defendant knows what the elements are in the charge against him, including an understanding of the charge and its relation to him, the effect of the plea, and the possible sentence." Griffis v. State, 797 So.2d 299(¶ 15) (Miss.Ct.App.2001).
¶ 5. In this issue, Necaise claims that he pled guilty without having taken his necessary medication. That is, Necaise claims that, at the time he pled guilty, he did not take certain medications that were necessary to prevent depression and anxiety. Necaise suggests that, the day before he pled guilty, his attorney advised him not to take his medication so Necaise could be bright and alert for trial. Necaise claims that he did not take his medication on the day he pled guilty. Necaise concludes that he underwent a series of anxiety attacks making it impossible for him to *556 plead guilty knowingly, intelligently, and voluntarily.
¶ 6. First, Necaise attaches several documents to his brief and intends to prove he had a history of treatment for mental disorders. However, those documents are not part of the official court record. Moreover, there is absolutely no proof in the record regarding the assertions detailed in this issue. This Court only acts upon matters contained in the official record and not upon assertions in briefs. Fairley v. State, 812 So.2d 259, 263(¶ 10) (Miss.Ct.App.2002). Thus, we are forbidden from considering matters that do not appear in the record. Id.
¶ 7. What is more, Necaise's motion for post-conviction relief followed his unsuccessful motion to suspend or reduce his sentence, which the circuit court treated as a motion for post-conviction relief. "[A]ny order dismissing the prisoner's motion or otherwise denying relief ... is a final judgment and ... shall be a bar to a second or successive motion...." Miss. Code Ann. § 99-39-23(6) (Rev.2000). As such, Necaise's motion for post-conviction relief was barred as a successive writ.
¶ 8. For the reasons above, we cannot conclude that the Harrison County Circuit Court erred when it dismissed Necaise's motion for post-conviction relief. Accordingly, we affirm the circuit court's decision.

II. DID NECAISE RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 9. To establish a claim of ineffective assistance of counsel, Necaise must demonstrate (1) a deficiency of his counsel's performance that is (2) sufficient to constitute prejudice to his defense. Swington v. State, 742 So.2d 1106, 1114(¶ 22) (Miss. 1999) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Walker v. State, 703 So.2d 266, 268 (Miss.1997)). In deciding whether Necaise's counsel rendered ineffective assistance, this Court examines the totality of the circumstances surrounding the case. Swington, 742 So.2d at (¶ 22). Necaise faces a "strong but rebuttable presumption that his counsel's conduct falls within a broad range of reasonable professional assistance." Id at (¶ 23). To overcome this presumption, Necaise must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.
¶ 10. Necaise claims that his counsel was ineffective on the same basis that Necaise claimed his plea was involuntary. That is, Necaise claims his counsel was ineffective because, the day before trial, he told Necaise not to take his medication on the day of trial. According to Necaise, he did not take his medication on the day of trial and, as a result, he instantly underwent a series of anxiety attacks. Necaise claims that it is his attorney's fault that he pled guilty to touching a child for lustful purposes.
¶ 11. Necaise's petition to enter a guilty plea contradicts his argument on appeal. His petition to enter a guilty plea states "I believe that my lawyer has done all that anyone could do to counsel and assist me. I AM SATISFIED WITH THE ADVICE AND HELP HE HAS GIVEN ME." (emphasis in original). Not only that, Necaise's counsel negotiated a lesser sentence for Necaise. As mentioned, the record shows that the prosecution originally charged Necaise with touching a child for lustful purposes and recidivism as a habitual offender. Section 99-19-81, the statute that addresses habitual offenders, *557 mandates a sentence of the maximum term of imprisonment allowable by statute. Section 97-5-23(1) sets a maximum sentence of fifteen years imprisonment. As discussed above, the prosecution dropped the habitual offender charge against Necaise. As a result, circuit court sentenced Necaise to three years imprisonment with nine years suspended. Accordingly, the circuit court did not err when it dismissed Necaise's motion for post-conviction relief. We affirm the circuit court's decision.
¶ 12. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DISMISSING THE APPELLANT'S MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.