CHANDLER, J.,
for the Court.
¶ 1. Robert H. Jordan pled guilty to capital murder and filed two motions for post-conviction relief. Both of the motions were denied. Jordan filed his third petition for post-conviction relief alleging that the indictment was flawed. Jordan claims that the omission of the word “did” from the indictment was against statutory requirements and, therefore, made the indictment void. The circuit court judge denied Jordan’s motion for post-conviction relief. Jordan appeals, raising the following issue:
WHETHER THE CIRCUIT COURT WAS CORRECT IN DENYING POST-CONVICTION RELIEF
¶ 2. Finding no error, we affirm.
*1084 FACTS
¶ 3. On August 3, 1984, Robert Jordan was indicted on the charge of capital murder. Subsequently, Jordan pled guilty to the crimes of murder and arson. On November 5, 1984, Jordan was sentenced to life imprisonment plus six years. Following Jordan’s conviction and sentencing, he filed a motion for post-conviction relief. This motion was denied, appealed and affirmed by the Supreme Court of Mississippi in Jordan v. State, 576 So.2d 145 (Miss.1991). Following the denial of Jordan’s motion for post-conviction relief, Jordan filed a second motion for post-conviction relief. The second motion was denied because the motion was procedurally barred.
¶ 4. On September 28, 2004, Jordan filed a third motion for post-conviction relief. Jordan alleges that the indictment, to which he pled guilty twenty-one years ago, was void because it did not contain the word “did.” Therefore, Jordan argues, that the indictment failed to charge a criminal offense and his indictment should be vacated. The circuit court denied Jordan’s third motion for post-conviction relief as a successive writ.
ANALYSIS
WHETHER THE CIRCUIT COURT WAS CORRECT IN DENYING POST-CONVICTION RELIEF
¶ 5. A court’s order denying post-conviction relief is “a bar to a second or successive motion” under Mississippi Code Annotated Section 99-39-23(6) (Supp.2005); Necaise v. State, 916 So.2d 553, 556(¶ 7) (Miss.Ct.App.2005). Because Jordan’s previous motions for post-conviction relief have been denied, Jordan’s successive motion for post-conviction relief is barred.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARSHALL COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.