SOUTHWICK, J.,
for the Court.
¶ 1. In July 2003, Roy Hammond, Jr. entered a guilty plea and was convicted in Clay County Circuit Court for two counts of the sale of cocaine. Two years later he filed a motion for post-conviction relief. The motion was dismissed on October 12, 2005, without a hearing.
¶ 2. On appeal, Hammond challenges the legality of his indictment and sentence. The record before us does not contain a transcript of the guilty plea hearing. There is not even an indication of the sentence Hammond received for his conviction. Since there is no error that appears in the record, we affirm the judgment.
DISCUSSION

Issue 1: Indictment

¶ 3. Hammond challenges his indictment for failing to state the weight of the cocaine that he was charged with possessing. The indictment charged that Hammond did “knowingly and intentionally sell or transfer” cocaine. A person is guilty of this offense if he did “knowingly or intentionally: sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance,” and the indictment charged a brief version of the statutory words. Miss. Code Ann. § 41-29-139(a)(l) (Rev.2005). The weight of the controlled substance is not an element of the crime and does not need to be contained in the indictment charging a violation of this section. Id.; Campbell v. State, 878 So.2d 227, 229 (Miss.Ct.App.2004). The indictment was valid.
¶ 4. Hammond’s related argument that it is impossible to plead knowingly or intelligently to an indictment that does not charge a crime also fails, since the indictment did charge the crime.

Issue 2: Effectiveness of counsel

¶ 5. Hammond argues his attorney was ineffective by allowing him to plead guilty to a fatally-flawed indictment. Since the indictment properly charged Hammond, there is no merit to a claim that counsel was ineffective because of flaws in the indictment.
¶ 6. THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.