968 So.2d 501 (2007)
Seriehel BELTON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-01299-COA.
Court of Appeals of Mississippi.
March 27, 2007.
Rehearing Denied August 14, 2007.
*502 Seriehel Belton, Appellant, pro se.
Office of the Attorney General by Deshun Terrell Martin, attorney for appellee.
Before GRIFFIS, P.J., ROBERTS and CARLTON, JJ.
ROBERTS, J., for the Court.

SUMMARY OF THE CASE
¶ 1. On November 9, 2005, during a plea hearing before Judge Lamar Pickard, Seriehel Belton pled guilty to sale of cocaine and conspiracy to commit capital murder. On February 15, 2006, the Copiah County Circuit Court sentenced Belton to thirty years for the sale of cocaine charge and twenty years for the conspiracy charge. The circuit court specified that Belton's thirty-year sentence for selling cocaine was to run concurrently with his twenty-year sentence for conspiracy to commit capital murder.
¶ 2. On June 28, 2006, Belton sought post-conviction relief by way of a document titled "motion to vacate and set aside conviction and sentence." By his motion, Belton only sought to have his guilty plea on the cocaine sale indictment set aside based on what he considered ineffective assistance of counsel during his guilty plea. On July 18, 2006, the circuit court found that Belton was not entitled to relief and that no evidentiary hearing was necessary. Accordingly, the circuit court overruled Belton's petition for post-conviction relief. Aggrieved, Belton appeals pro se and claims: (a) the circuit court erred when it accepted his guilty plea, (b) he had ineffective assistance of counsel during his guilty plea, and (c) he pled guilty under a void indictment. We find no merit to Belton's allegations. Accordingly, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 3. On November 1, 2005, the Copiah County Grand Jury returned an indictment against Seriehel Belton in Cause Number 2005-0178-CR. That indictment alleged that, on August 10, 2004, Belton sold cocaine to a confidential informant within fifteen hundred feet of a church in violation of Mississippi Code Annotated Sections 41-29-139 (Rev.2005) and 41-29-142 (Rev.2005) of the Mississippi Code. The indictment also alleged that Belton was a habitual offender under Section 99-19-81 of the Mississippi Code. Belton had previously been indicted for capital murder in Cause Number 2005-0119-CR.
¶ 4. On November 9, 2005, Belton pled guilty to the cocaine sale charge. Belton also pled guilty to a charge of conspiracy to commit capital murder. On February 15, 2006, the circuit court issued its sentencing *503 order. The circuit court sentenced Belton to thirty years in the custody of the Mississippi Department of Corrections. The circuit court ordered that Belton's sentence was to run concurrently with his twenty-year sentence for conspiracy to commit capital murder.
¶ 5. On June 28, 2006, Belton filed what amounted to a petition for post-conviction collateral relief, though it was titled as a "motion to vacate and set aside conviction and sentence." Belton claimed he experienced ineffective assistance of counsel during his guilty plea in that his attorney coerced his plea.
¶ 6. On July 18, 2006, the circuit court entered an order and denied Belton's petition for post-conviction relief. By that order, the circuit court found that Belton knowingly, intelligently, and voluntarily pled guilty and that, based on portions of his guilty plea colloquy, Belton's attorney did not coerce his guilty plea. Belton appeals.

STANDARD OF REVIEW
¶ 7. In reviewing a circuit court's decision to deny a motion for post-conviction collateral relief, we will not disturb the circuit court's factual findings unless they are clearly erroneous. Boyd v. State, 926 So.2d 233(¶ 2) (Miss.Ct.App.2005). However, we review questions of law de novo. Id.

ANALYSIS
I. DID BELTON PLEAD GUILTY KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY?
¶ 8. According to Belton, "there was no way knowingly [he] would plead guilty to the thirty years maximum time of the charge/or 20 years to the other, voluntarily." Belton claims his lawyer "tricked, coerced and threatened [him] into pleading guilty."
¶ 9. A guilty plea is considered "voluntary and intelligent" if the defendant is advised about the nature of the charge and the consequences of the entry of the plea. Necaise v. State, 916 So.2d 553(¶ 4) (Miss.Ct.App.2005). The defendant must be instructed that a guilty plea waives his or her rights to a jury trial, to confront adverse witnesses, and to protection against self-incrimination. Id. "A plea is voluntary if the defendant knows what the elements are in the charge against him, including an understanding of the charge and its relation to him, the effect of the plea, and the possible sentence." Id.
¶ 10. It is important to note that Belton raises absolutely no issue with the voluntariness of his guilty plea to conspiracy to commit capital murder, though he draws much attention to his attorney's advice that, had Belton rejected the prosecution's plea offer, Belton would have gone to trial on the charge of capital murder and, if convicted, he could have received the death penalty.[1]
¶ 11. Belton's claim is belied by the transcript of his guilty plea. During Belton's guilty plea colloquy, Belton swore that it was his decision to plead guilty, that no one influenced his decision, that no one promised him anything in exchange for his plea, and that no one threatened him to compel his plea. The following exchange is noteworthy:

*504 Q. All right. I want to make sure that you're fully satisfied with your attorney. I want to make sure that you're satisfied with the advice, the help, the assistance, the representation and so forth that your attorney has provided for you?
A. Yes, sir.
Q. No problem with your lawyer; is that right?
A. No, sir.
Q. All right. After a full discussion of your case, Mr. Belton, whose decision was it to plead guilty to these offenses?
A. Mine.
Q. All right. Has anyone influenced you or promised you anything, or is there any reward or hope of reward to get you to plead guilty?
A. No, sir.
Q. Have there been any threats made against you or any force or intimidation used against you to compel you to plead guilty?
A. No, sir.
Q. I want to make sure, Mr. Belton. Sometimes after a person pleads guilty and after they go to jail or whatever happens, they start writing these letters and telling that it wasn't free and voluntarily, that they weren't ever explained the law. And it's all these types of things, or that somebody got them to do it, either their family members, or their lawyer, or the police, or whoever it might be. I want to make sure that's not the case in your situation. This is your decision and yours alone; is that right?
A. Yes, sir.
¶ 12. Where the record and prior sworn testimony belie such a claim, an evidentiary hearing is not required. Templeton v. State, 725 So.2d 764(¶ 11) (Miss. 1998). We apply a strong presumption of validity to a statement made under oath. Id. When we compare Belton's previous sworn testimony during his guilty plea with his current claims, "the latter is practically rendered a `sham.'" Id. Under the circumstances, the circuit court's decision to summarily dismiss Belton's petition will stand. Additionally, when the present circumstances have arisen in the past, it has been said that such a petitioner "has obviously committed perjury, which may warrant appropriate actions by a grand jury." Id. (citing Sanders v. State, 440 So.2d 278, 289 (Miss.1983) (Roy Noble Lee, J., specially concurring)). We certainly do not find the circuit court's decision to be clearly erroneous. Suffice it to say, we find Belton's contention meritless.
II. DID BELTON RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 13. Belton claims his attorney was ineffective in that he did not adequately investigate the cocaine sale charge and that he "didn't do anything he was suppose to do in representing" him. To establish a claim of ineffective assistance of counsel, Belton must demonstrate (1) a deficiency of his counsel's performance that is (2) sufficient to constitute prejudice to his defense. Swington v. State, 742 So.2d 1106(¶ 22) (Miss.1999) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Walker v. State, 703 So.2d 266, 268 (Miss.1997)). In deciding whether Belton's counsel rendered ineffective assistance, this Court examines the totality of the circumstances surrounding the case. Swington, 742 So.2d at (¶ 22). Belton faces a "strong but rebuttable presumption that his counsel's conduct falls within a broad range of reasonable professional assistance." Id. at *505 (¶ 23). To overcome this presumption, Belton must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.
¶ 14. We fail to see how Belton's attorney rendered ineffective assistance of counsel. Though Belton does not seek to invalidate his guilty plea to conspiracy to commit capital murder while represented by the same hired attorney, our analysis requires that we discuss it. Belton repeatedly states that his attorney told him that he could get the death penalty if he did not take the plea agreement offered by the prosecution. That was correct advice. The logical interpretation of the events is that the prosecution was willing to permit Belton to plead to the lesser charge of conspiracy to commit capital murder and sale of cocaine, rather than go to trial on the capital murder charge. Belton's attorney negotiated a plea agreement by which Belton avoided a possible life or death sentence and, instead, was sentenced to concurrent twenty and thirty year sentences. Additionally, even if we found that Belton demonstrated the first prong under Strickland, which we do not find, Belton does not allege that any imagined deficiency in his counsel's performance caused him prejudice. Accordingly, we find no error and affirm the circuit court's decision to dismiss Belton's petition for post-conviction collateral relief.
III. DID BELTON PLEAD GUILTY PURSUANT TO A VOID INDICTMENT?
¶ 15. Belton filed what amounted to his original petition for post-conviction relief on June 28, 2006. Belton did not raise an allegation regarding the sufficiency of the indictment under which he pled guilty to sale of cocaine. However, on July 7, 2006, Belton filed a motion to amend his petition for post-conviction relief. The record does not contain an order by which the circuit court granted Belton's motion to amend.
¶ 16. In any event, within that motion to amend, Belton claimed the indictment against him was void or insufficient as a matter of law for three reasons: (1) the indictment indicated that it was returned during the July term, but the circuit clerk did not file the indictment until the November term, (2) the indictment did not specify the quantity of cocaine allegedly sold, and (3) the indictment did not verify, by crime lab report or expert witness, that it was actually cocaine that Belton sold. On July 21, 2006, the circuit court entered an order and found that Belton was not entitled to any relief. Though the circuit court noted Belton's claims regarding the indictment, the circuit court did not specifically address those claims and found that Belton was not entitled to relief. Regardless, we find that Belton is not entitled to relief due to a deficiency in the indictment.
¶ 17. There is no merit to Belton's claim that the indictment was void because it was returned during the July term, but filed during the November term. Pursuant to statutory law:
Unless otherwise directed by an order of the senior circuit judge, not more than two (2) grand juries shall be drawn or impaneled during a calendar year at or for a term or terms of the circuit court in any county or judicial district of a county; provided, however, upon impanelment, a grand jury may be convened and reconvened in term time and in vacation. It shall continue to serve from term to term until the next grand jury is impaneled, and it may return indictments to any term of court, notwithstanding that a term of court at *506 which criminal business may be conducted shall intervene between the time the grand jury is impaneled and the time an indictment is returned.

Miss.Code Ann. § 13-5-39 (Rev.2002) (emphasis added).
¶ 18. Regarding Belton's second claim  that the indictment was void because it failed to specify the quantity of cocaine sold  failure to specify the amount of cocaine sold does not render an indictment void. "[W]ith the exception of trafficking, the penalty for the sale of cocaine is the same regardless of the quantity that was sold." Campbell v. State, 878 So.2d 227(¶ 5) (Miss.Ct.App.2004) (citing Miss. Code Ann. § 41-29-139(a)(1), (b)(1) (Rev. 2001)). "Therefore, the amount of cocaine that [Belton] sold was not an essential element to the crime." Campbell, 878 So.2d at 229(¶ 5).
¶ 19. Finally, Belton cites no authority for his argument that the indictment was void because it did not verify, by crime lab report or expert witness, that it was actually cocaine that Belton sold. Accordingly, this issue is procedurally barred. Robinson v. State, 806 So.2d 1170(¶ 19) (Miss.Ct. App.2002).
¶ 20. THE JUDGMENT OF THE COPIAH COUNTY CIRCUIT COURT DISMISSING THE APPELLANT'S PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. LEE, P.J., NOT PARTICIPATING.
NOTES
[1] Belton's counsel was duty bound to fully advise Belton of the various options available to him and the possible consequences involved. That advice necessarily included outlining the worst case scenario of being convicted of capital murder and receiving the death penalty or, at best, life without parole. Performing that portion of counsel's responsibility, while it may have been unsettling for Belton, did not amount to a coercive act on the part of defense counsel.