ISHEE, J.,
for the Court:
¶ 1. Sedric Medlock was indicted by a Tate County grand jury on three counts of sale of a controlled substance and one count of possession of a firearm as a convicted felon. The Circuit Court of Tate County remanded Count I, sale of a controlled substance, to the file and Medlock pled guilty to Counts II and III, sale of a controlled substance, and to Count IV, possession of a firearm as a convicted felon. The circuit court sentenced Medlock to serve four years on Counts II and III and five years on Count IV, all in the custody of the Mississippi Department of Corrections (MDOC), with the sentences to run consecutively. Medlock timely filed a motion for post-conviction relief (PCR), which the circuit court dismissed. Med-lock now appeals, alleging the following errors: (1) the circuit court erred in dismissing Medlock’s PCR motion without an evidentiary hearing; (2) Medlock was denied his constitutional right to a speedy trial; (3) Medlock’s plea was entered involuntarily; and (4) Medlock was denied effective assistance of counsel prior to the entry of his guilty plea. As Medlock’s third and fourth issues are related, we will address them together. Finding no error in the judgment of the circuit court, we affirm the dismissal of Medlock’s PCR motion.
STANDARD OF REVIEW
¶ 2. This Court will not disturb a circuit court’s dismissal of a PCR motion unless the decision is clearly erroneous. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). Questions of law are reviewed de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
DISCUSSION
I. Necessity of an Evidentiary Hearing
¶ 3. Medlock argues that he was entitled to an evidentiary hearing on his PCR motion. If, after a circuit court’s complete review of the record, the circuit court finds that it is clear that there is no entitlement to relief, the Court may enter an order dismissing the action without an evidentiary hearing. Caston v. State, 949 So.2d 852, 855 (¶ 5) (Miss.Ct.App.2007) (citing Miss.Code Ann. § 99-39-11(2) (Rev. 2000)). “A post-conviction claim for relief is properly dismissed without the benefit of an evidentiary hearing where it is manifestly without merit.” Id.
¶ 4. In his PCR motion, Medlock alleged that: he was denied his constitutional right to a speedy trial; his plea was entered involuntarily; and he received ineffective assistance of counsel. The circuit court found that Medlock’s PCR motion was “overwhelmingly belied by unimpeachable *1164 documentary evidence in the record.” Our review of the record reveals the same. Therefore, we find that Medlock was not entitled to an evidentiary hearing. This issue lacks merit.
II. Speedy Trial
¶ 5. Medlock also argues that he was denied his constitutional right to a speedy trial because his guilty plea occurred 281 days after he was arrested. “[A] valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in the indictment or information against the defendant.” Reeder v. State, 783 So.2d 711, 720 (¶ 36) (Miss.2001). With the entry of Medlock’s guilty plea, Medlock waived any speedy-trial violations. Therefore, this issue is without merit.
III. Voluntariness of Plea
¶ 6. Finally, Medlock argues that he involuntarily entered his guilty plea. He submits that his counsel did not raise the alleged speedy-trial violations prior to his guilty-plea hearing.
¶ 7. We are to review claims regarding the voluntariness of a plea under the clearly erroneous standard. Wilcher v. State, 921 So.2d 400, 401 (¶ 3) (Miss.Ct.App.2006). Further, in order to demonstrate that his guilty plea was involuntary, the burden of proof rests with “the prisoner [to show] by a preponderance of the evidence that he is entitled to relief.” Miss. Code Ann. § 99-39-23(7) (Rev.2007).
¶ 8. Medlock executed a sworn waiver of indictment, and then he pleaded guilty. There is no support in the record for Med-lock’s allegation that he did not knowingly enter the guilty plea, nor is there any indication in the record that he was denied effective assistance of counsel. Therefore, this issue is without merit.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TATE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.