CARLTON, J.,
 

 for the Court:
 

 ¶ 1. Dimera Smith appeals the denial of his motion for post-conviction relief (PCR). Smith claims that: (1) he received ineffec
 
 *527
 
 tive assistance of counsel; (2) his constitutional right to a speedy trial was violated; (3) he was subjected to vindictive and malicious prosecution in violation of his constitutional rights; and (4) his due-process rights were violated by the State’s use of Kathy House as an informant.
 
 [1]
 
 Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. On July 8, 2008, the Lee County grand jury indicted Smith for one count of the possession of cocaine with the intent to sell in violation of Mississippi Code Annotated section 41-29-139 (Rev.2009).
 
 [2]
 
 Then, on February 3, 2009, the grand jury of Lee County indicted Smith for two counts of the sale of cocaine in violation of Mississippi Code Annotated section 41-29-139(a).
 
 [3]
 
 Smith was charged as a habitual offender in each cause number.
 
 [4]
 

 ¶ 3. A plea hearing was held before the Lee County Circuit Court on May 27, 2009, in which Smith, with the assistance of counsel, pleaded guilty to all charges. At the plea hearing, upon motion of the State, the trial court dismissed the habitual portion of Smith’s charges. The trial court then sentenced Smith in cause number CR08-597 to serve thirty years in the custody of the Mississippi Department of Corrections (MDOC), with ten years suspended, followed by five years of post-release supervision. The trial court also ordered Smith to pay court costs, $485 in restitution, and a $5,000 fine-$4,000 of which was suspended by the trial court. Smith was next sentenced by the trial court in cause number CR09-201 to serve thirty years in the custody of the MDOC, with ten years suspended, to run concurrently to the sentence in cause number CR08-597. Smith was also ordered to pay court costs and a $5,000 fine, which was suspended by the trial court. Lastly, in cause number CR09-200, the trial court sentenced Smith to thirty years in the custody of the MDOC, with all thirty years suspended, to run consecutively to the sentences imposed in cause numbers CR08-597 and CR09-201, and to pay court costs. Smith filed a PCR motion,
 
 [5]
 
 which was, denied by the trial court. Aggrieved, Smith appeals.
 

 
 *528
 
 STANDARD OF REVIEW
 

 ¶ 4. “In reviewing a trial court’s decision to deny a motion for post-conviction relief!,] the standard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous.”
 
 Smith v. State,
 
 806 So.2d 1148, 1150 (113) (Miss.Ct.App.2002). However, we review issues of law utilizing a de novo standard of review.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999).
 

 DISCUSSION
 

 I. Ineffective Assistance of Counsel
 

 ¶ 5. In his first assignment of error, Smith argues he received ineffective assistance of counsel because his attorney failed: to investigate his case, to inquire about the delay in the filing of the charges against him thereby invoking his right to a speedy trial, to further pursue his previously filed pro se motion to obtain the grand-jury transcript, and to contest the trial court’s previous denial of his motion to suppress evidence obtained from an allegedly illegal search and seizure. The State responds claiming that Smith received effective assistance of counsel, pointing to Smith’s allegations in his sworn plea petition and his statements made under oath at the plea hearing that directly contradict Smith’s assertions on appeal. The State further asserts that Smith’s claim of ineffective assistance of counsel must fail because he offers only his own statements alleging deficiency on the part of his attorney.
 
 See Willis v. State,
 
 17 So.3d 1162, 1166 (¶ 12) (Miss.Ct.App.2009) (“In cases involving post-conviction collateral relief, ‘where a party offers only his affidavit, then his ineffeetive[-]assistanee[-] [of[-]counsel] claim is without merit.’ ”) (quoting
 
 Vielee v. State,
 
 653 So.2d 920, 922 (Miss.1995)).
 

 ¶ 6. In order to prove a claim of ineffective assistance of counsel, the defendant must show: (1) counsel’s performance was deficient, and (2) this deficiency prejudiced the defense.
 
 Liddell v. State,
 
 7 So.3d 217, 219 (¶ 6) (Miss.2009) (quoting
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). “In the case of a guilty plea, in order to satisfy the second prong, the petitioner must show that he would not have pled guilty, would have insisted on going to trial, and the ultimate outcome would have been different.”
 
 Cook v. State,
 
 990 So.2d 788, 792 (¶ 8) (Miss.Ct.App.2008) (citing
 
 Hannah v. State,
 
 943 So.2d 20, 24 (¶ 7) (Miss.2006)).
 

 ¶ 7. A review of the record shows that during his plea hearing, upon being questioned by the trial court regarding whether he was satisfied with the legal services and advice of his attorney, as well as whether he felt he had been adequately represented, Smith responded, under oath, that he was satisfied. The record further reveals that Smith admitted under oath that he committed all of the offenses charged. Moreover, we note that Smith failed to attach any affidavits other than his own in support of the allegations set forth in his PCR motion as required by Mississippi Code Annotated section 99-39-9(l)(e) (Supp.2010).
 
 [6]
 
 We further recognize
 
 *529
 
 that Smith failed to show good cause as to why he was unable to obtain the affidavits as required.
 
 [7]
 
 Accordingly, we find that this issue lacks merit.
 

 II. Right to a Speedy trial
 

 ¶ 8. Smith argues that he was denied his constitutional right to a speedy trial because the sales resulting in cause numbers CR09-200 and CR09-201 occurred in February 2008, but the indictments in both causes were not issued until February 2009.
 
 [8]
 
 However, we recognize that “a valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in the indictment or information against the defendant.”
 
 Medlock v. State,
 
 49 So.3d 1162, 1164 (¶ 5) (Miss.Ct.App. 2010) (quoting
 
 Reeder v. State,
 
 783 So.2d 711, 720 (¶ 36) (Miss.2001)).
 
 See Maggitt v. State,
 
 26 So.3d 363, 365 (¶ 11) (Miss.Ct.App.2009) (finding Maggitt waived his right to a speedy trial upon pleading guilty). Therefore, we find that the entry of Smith’s guilty pleas waived any speedy-trial violations.
 

 III. Vindictive Prosecution
 

 ¶ 9. Next, Smith asserts that he was the victim of vindictive prosecution. Specifically, Smith contends that he was only indicted and arrested on the two sale charges because his counsel filed a motion to suppress the evidence in his case for possession with intent to sale. Smith did not raise this argument at the plea hearing; therefore, it is procedurally barred from this Court’s review.
 
 See
 
 Miss.Code Ann. § 99-39-21(1) (Rev.2007) (“Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal ... shall constitute a waiver thereof and shall be procedurally barred[.]”).
 
 See also Brooks v. State,
 
 832 So.2d 607, 610 (¶ 9) (Miss.Ct.App.2002). Procedural bar notwithstanding, we find no merit to this allegation. During the trial judge’s questioning of Smith at the plea hearing, Smith responded, under oath, that he understood the charges against him and admitted he had committed the alleged offenses. Smith also indicated in his plea colloquy that he understood the nature and consequences of his pleas.
 
 See
 
 URCCC 8.04(A)(4). As such, a factual basis clearly existed for all of the offenses charged. This claim lacks merit.
 

 IV.Due-process Rights
 

 ¶ 10. In his final assignment of error, Smith argues that the trial court erred by allowing the State to use House, an alleged drug-addict and alleged prostitute, as the
 
 *530
 
 confidential informant for the two sale charges. Additionally, Smith claims that he was entrapped by the State in the sale cases. The State responds by asserting that the indictment set forth the name of the confidential informant for the sale charges against Smith. Further, the State contends that Smith thereafter waived his right to go to trial and cross-examine House, the confidential informant, by entering his guilty pleas.
 
 See Clayton v. State,
 
 582 So.2d 1019, 1021 (Miss.1991). The State also asserts that Smith waived his right to raise entrapment as an affirmative defense by entering his pleas of guilt.
 

 ¶ 11. The trial court noted that Smith had admitted under oath that he was guilty of all three charges against him. Further, the trial court acknowledged that the time to assert an entrapment defense would have been at the trial on the merits of the charges, not in his PCR motion; accordingly, the court found that this assertion lacked merit. We agree.
 
 See Campbell v. State,
 
 878 So.2d 227, 229 (¶ 7) (Miss.Ct.App.2004) (explaining that a guilty plea that is voluntarily made waives any defenses the defendant may have had to the charge, including the defense of entrapment).
 

 ¶ 12. The record shows that at the plea hearing, upon the trial court’s inquiry as to whether Smith understood that by entering a plea of guilty he was waiving or giving up any right to a trial to confront, question, and cross-examine any witnesses who appeared and testified against him, Smith responded, under oath, that he understood.
 
 See
 
 URCCC 8.04(A)(4). Further, the record reflects that Smith entered his guilty pleas knowingly and voluntarily under oath; and in so doing, Smith waived any defense he might have had to the charges against him, including the defense of entrapment.
 
 See Campbell,
 
 878 So.2d at 229 (¶ 7). Accordingly, we find this issue is without merit.
 

 ¶ 13. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, ISHEE, ROBERTS, MAXWELL AND RUSSELL, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT.
 

 [1]
 

 . For clarity, we have restated the appellate issues raised by Smith. We also pause to note that in his pro se "Citation of Supplemental Authorities," Smith argues that "[t]he trial court erred by charging [him] under the habitual statute[; therefore,] [t]he ruling of the trial court should be reversed.” We first recognize that Smith raises issue with his habitual-offender status for the first time on appeal in his "Citation of Supplemental Authorities," which is a misuse of the "Citation of Supplemental Authorities.”
 
 See
 
 M.R.A.P. 28(j). Additionally, we find that a review of the record shows that Smith did not raise this argument in his PCR motion, but he raises it for the first time on appeal. Therefore, this argument is procedurally barred from our review.
 
 See Reese v. State,
 
 21 So.3d 625, 628 (¶ 12) (Miss.Ct.App.2008). Notwithstanding the procedural bar, we note that the trial court, upon motion of the State, dismissed the habitual-offender portion of Smith’s charges prior to the sentencing phase of the plea hearing. Thus, Smith was not sentenced as a habitual offender, which renders this argument moot on appeal.
 

 [2]
 

 . Cause number CR08-597 in the Circuit Court of Lee County, Mississippi.
 

 [3]
 

 . In cause numbers CR09-200 and CR09-201 in the Circuit Court of Lee County, Mississippi, Smith was charged with one count of the sale of cocaine, respectively.
 

 [4]
 

 . This Court pauses to note that: the Lee County grand jury indicted Smith as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev.2007) in cause number CR08-597 and at the plea hearing, the State noted that the charges in cause numbers CR09-200 and CR09-201 were changed to habitual status on plea day.
 

 [5]
 

 . Except for his own affidavit, Smith attached no affidavits to his PCR motion in support of his claims.
 

 [6]
 

 . Section 99 — 39—9( 1)(e) requires that Smith provide:
 

 A specific statement of the facts which are not within the petitioner’s personal knowledge. The motion shall state how or by whom said facts will be proven. Affidavits of the witnesses who will testify and copies of documents or records that will be offered shall be attached to the motion. The affidavits of other persons and the copies of documents and records may be excused upon a showing, which shall be specifically detailed in the motion, of good cause why they cannot be obtained. This showing shall state what the petitioner has done to attempt to obtain the affidavits, records and
 
 *529
 
 documents, the production of which he requests the court to excuse.
 

 [7]
 

 . In his motion showing facts not within his personal knowledge, Smith stated:
 

 Dimera Smith has [n]ot attempted to obtain the affidavit of counsel Mims to support these facts that are not within his personal knowledge. Dimera Smith sincerely believes that any such attempt would have been in vain, due to the fact that their relationship was adversarial after counsel Mims’s appointment.
 

 [8]
 

 . Smith’s brief is unclear as to which date his assignment of error stems from, the date that the offense occurred or the date that he was charged. We note, however, that “[a] formal indictment or information or an arrest-whichever first occurs-triggers the constitutional right to a speedy trial.”
 
 McBride v. State,
 
 61 So.3d 138, 142 (¶ 8) (Miss.2011) (citing
 
 United States v. Marion,
 
 404 U.S. 307, 320, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971);
 
 Smith v. State,
 
 550 So.2d 406, 408 (Miss.1989)). We also recognize that Smith neglects to acknowledge that he pleaded guilty on May 27, 2009, to all three of the offenses charged. Moreover, a review of the record reflects no statute-of-limitations issues in this case.