## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00498-COA

STANLEY MONTGOMERY A/K/A STANLEY
JOSEPH MONTGOMERY

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/10/2014 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | WINSTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | STANLEY MONTGOMERY (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/23/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ROBERTS AND JAMES, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     Stanley Montgomery pleaded guilty to five counts of identity theft. He was sentenced to five years on each count, with two weeks to serve and four years and fifty weeks on post-release supervision (PRS). The sentences were ordered to run concurrently. Montgomery was also ordered to pay one hundred dollars per month in restitution and an additional fifty-five dollars per month to the Mississippi Department of Corrections (MDOC).

¶2.     On August 8, 2013, the Winston County Circuit Court found Montgomery in arrears for failure to pay his fees. The trial court ordered Montgomery to a restitution center located

in Leflore County until his fees were paid. One month later, the trial court determined Montgomery had failed to pay his fees and sent him to another restitution center located in Hinds County. In November 2013, Montgomery was expelled, upon his request, from this restitution center. Shortly thereafter, the trial court revoked Montgomery's PRS and ordered him to serve the remaining four years and fifty weeks of his five-year sentence.

¶3.     Montgomery subsequently filed a motion for post-conviction relief (PCR). The trial court denied the motion. Montgomery now appeals, asserting the following issues: (1) the trial court erred in denying his PCR motion; (2) his constitutional rights were violated at the restitution center; (3) his PRS revocation was unlawful; (4) the trial court failed to acknowledge that he had pursued administrative remedies; (5) the trial court did not have jurisdiction; and (6) the trial court erred in excluding certain documents from the record.

¶4.     Montgomery also argues the following: he was not informed of the consequences of pleading guilty; the trial court and the MDOC violated their policies and procedures during his preliminary revocation hearing; the trial court should have granted relief because the victim of identity theft declined to press charges; the trial court ignored the applicable statutes when sentencing him to PRS; he should not have to pay restitution; money was not credited to his restitution account; he does not know how much money he owes; an order modifying his PRS was not signed and delivered to him; and there was no evidence to support his guilty plea. However, Montgomery did not raise any of these issues in his PCR motion. "A defendant who fails to raise an issue in his motion for [PCR] before the trial court may not raise that issue for the first time on appeal." *Fluker v. State*, 17 So. 3d 181,

2

183 (¶5) (Miss. Ct. App. 2009). Thus, our review is limited to the six issues enumerated above.

## STANDARD OF REVIEW

¶5. When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

## DISCUSSION

I.    DENIAL OF PCR MOTION
II.   CONSTITUTIONAL RIGHTS
III.  UNLAWFUL REVOCATION
IV.   ADMINISTRATIVE-REMEDY REQUESTS

¶6. As Montgomery's first four issues concern the trial court's denial of his PCR motion, we will address them together. Montgomery contends that: the trial court erred by denying his PCR motion; his constitutional rights were violated while he was in the restitution center; and the trial court should not have revoked his PRS for the nonpayment of fees.

¶7. Montgomery contends his constitutional rights were violated due to the poor treatment he received in the restitution center. Montgomery claims this poor treatment forced him to leave the job that had been assigned to him and seek expulsion from the center. In its order, the trial court noted that Montgomery should have pursued an administrative remedy. Montgomery contends that he had filed two grievances with the administrative-remedies program. However, there is nothing in the record to support Montgomery's claim. "It is an appellant's duty to justify his arguments of error with a proper record, which does not include

3

mere assertions in his brief, or the trial court will be considered correct." *Dearman v. State*, 910 So. 2d 708, 711 (¶8) (Miss. Ct. App. 2005) (citation omitted). This Court cannot rely solely on the assertions in Montgomery's brief. We find no merit to this issue.

¶8. In regard to the revocation of his PRS, the trial court determined that Montgomery had violated the terms of his PRS by failing to remain at a restitution center as ordered and by failing to pay restitution and other fees. Furthermore, Montgomery admitted these violations. We can find no error by the trial court.

¶9. We note that Montgomery contends he should not have been sentenced to four years and fifty weeks since he had previously been in custody for thirteen months. Montgomery provides no details as to why he was incarcerated for thirteen months. Regardless, the order revoking Montgomery's PRS stated that he was to be given credit for time served.

¶10. Because we find no merit to these arguments, we find no error in the trial court's denial of Montgomery's PCR motion.

## V. JURISDICTION

¶11. Montgomery argues the trial court did not have jurisdiction over him while he was in the restitution program; therefore, the trial court did not have the authority to revoke his PRS. However, the trial court has the sole authority to revoke an offender's PRS for misconduct that occurs when an offender is on PRS. *See* Miss. Code Ann. § 47-7-34 (Supp. 2014). This issue is without merit.

## VI. EXCLUSION OF DOCUMENTS

¶12. Montgomery contends the trial court erred in excluding certain documents from the

record. Montgomery argues these documents show the cause of his failure to complete the program at the restitution center. The documents attached to Montgomery's appeal reference procedures regarding arrests and issuing warrants at restitution centers. These documents were not included in the record before the trial court; thus, the documents are not considered part of the record for our review. *See Necaise v. State*, 916 So. 2d 553, 556 (¶6) (Miss. Ct. App. 2005).

¶13. **THE JUDGMENT OF THE WINSTON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WINSTON COUNTY.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**