# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00370-COA

**JAMES CHARLES FUNCHESS A/K/A JAMES FUNCHESS A/K/A JAMES FUNCHES**                                                **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/10/2015 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES CHARLES FUNCHESS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POSTCONVICTION RELIEF DISMISSED |
| DISPOSITION: | AFFIRMED - 06/21/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2015-CP-00680-COA

**JAMES CHARLES FUNCHESS A/K/A JAMES FUNCHESS**                                                **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/15/2015 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES CHARLES FUNCHESS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |

NATURE OF THE CASE:          CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION:     MOTION FOR POSTCONVICTION RELIEF
                                       DISMISSED
DISPOSITION:                    AFFIRMED - 06/21/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., BARNES AND ISHEE, JJ.**

**ISHEE, J., FOR THE COURT**:

¶1.     James Funchess pleaded guilty in the Madison County Circuit Court to the sale of cocaine within 1,500 feet of a school. He was sentenced to serve sixty years in the custody of the Mississippi Department of Corrections (MDOC), with thirty years suspended and five years of postrelease supervision (PRS). Funchess filed his first motion for postconviction relief (PCR) arguing: (1) ineffective assistance of counsel; (2) his plea was involuntary; and (3) his sentence was illegal. The circuit court summarily dismissed the motion. Funchess filed a second PCR motion contending that he was denied his right to a speedy trial, which the circuit court also dismissed. Funchess appeals the rulings on both PCR motions. Because both PCR motions stem from the same plea and are related, we have consolidated the appeals. Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY

¶2.     Funchess was indicted for the sale of cocaine (Count I) and conspiracy to sell cocaine (Count II), both with an enhancement due to the offenses being within 1,500 feet of a school. The State amended the indictment to include the enhancements as a subsequent drug offender and habitual offender. On July 22, 2013, Funchess entered a plea of guilty to the sale of cocaine within 1,500 feet of a school. As a result of his guilty plea, the State nolle prossed

2

Count II, and did not pursue the subsequent-drug-offender or the habitual-offender portions of the amended indictment.

¶3.    On September 17, 2013, following a presentence investigation, the circuit court sentenced Funchess to sixty years in the custody of MDOC, with thirty years suspended and five years of PRS. On January 9, 2015, Funchess timely filed his first PCR motion, which was summarily denied and dismissed. Funchess filed a subsequent, successive PCR motion on March 23, 2015, which was also dismissed by the circuit court. Aggrieved, Funchess appeals both decisions.

## DISCUSSION

¶4.    When considering the dismissal of a PCR motion on appeal, "we review the trial court's findings of fact for clear error." *White v. State*, 59 So. 3d 633, 635 (¶4) (Miss. Ct. App. 2011) (citing *Williams v. State*, 872 So. 2d 711, 712 (¶2) (Miss. Ct. App. 2004)). In deciding Funchess's first PCR motion, the circuit court stated that "it plainly appears that the Petitioner is not entitled to any relief and that the request should be denied and dismissed. The transcript of the guilty plea proceeding, including the Petitioner's sworn testimony, discredits the allegations he makes in his motion." We agree. A circuit court may dismiss a PCR motion "[i]f it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the movant is not entitled to any relief[.]" Miss. Code Ann. § 99-39-11(2) (Rev. 2015).

¶5.    Furthermore, Funchess did not provide affidavits from anyone, including himself, to suggest how he would support his allegations. The "trial court may dismiss a [PCR motion]

3

if the petitioner fails to submit affidavits in support of his allegations, thereby supporting his position with only his bare assertions." *Watson v. State*, 100 So. 3d 1034, 1040 (¶21) (Miss. Ct. App. 2013) (citation omitted). Nevertheless, we will discuss the issues raised by Funchess in his PCR motions.

## I.     Guilty Plea

¶6.     Funchess first argues that his guilty plea was not voluntarily and knowingly given. The following colloquy took place during Funchess's entrance of a guilty plea in open court:

| | |
|---|---|
| COURT: | Do you understand the minimum and maximum punishment that could be imposed for the crime that you're offering to plead guilty to? |
| FUNCHESS: | Yes, sir. |
| COURT: | For the sale of cocaine. The minimum period of incarceration is zero years. The maximum period is 30 years. The minimum fine is $5,000, and the maximum fine is $1 million. Do you understand that? |
| FUNCHESS: | Yes, sir. |
| COURT: | But because you're charged with having done this within 1,500 feet of a school, those minimums and maximums are doubled. So you're looking at a minimum period of incarceration of zero years and a maximum period of incarceration is 60 years, a minimum fine of $10,000, and a maximum fine of $2 million. Do you understand that? |
| FUNCHESS: | Yes, sir. |
| . . . . | |
| COURT: | Has anyone made you any promises of leniency in an effort to get you to change your plea? |

4

FUNCHESS: No, sir.

COURT: After discussions with your attorneys, are you the one that decided to plead guilty?

FUNCHESS: Yes, sir.

. . . .

COURT: Do you understand there's no recommendations to sentence in this case and that this is an open plea, which means that I will impose whatever sentence I believe to be appropriate[?] . . . I'll impose a sentence that I think is appropriate up to a sentence of 60 years and impose a $2 million fine, and I may order that that sentence runs consecutively to any other sentence that you may be serving. Do you understand that?

FUNCHESS: Yes, sir.

COURT: Do you understand that you can't rely on any representation that anyone may have made relative to how much time you may have to serve as a result of a sentence that I impose?

FUNCHESS: Yes, sir.

¶7. When reviewing the voluntariness of guilty plea, we "will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous." *Walton v. State*, 16 So. 3d 66, 70 (¶8) (Miss. Ct. App. 2009) (quoting *House v. State*, 754 So. 2d 1147, 1152 (¶ 24) (Miss. 1999)). Additionally, "[t]he burden of proving that a guilty plea is involuntary is on the defendant and must be proven by [a] preponderance of the evidence." *House*, 754 So. 2d at 1152 (¶25) (citation omitted). "To determine whether the plea is voluntarily and intelligently given, the trial court must advise the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea." *Burrough v. State*, 9 So. 3d 368, 373 (¶11) (Miss. 2009).

¶8. Here, prior to entering his plea, the circuit court advised Funchess that it was an open plea, which allowed the circuit court to fashion a sentence it deemed appropriate. The circuit court clearly spelled out the maximum and minimum sentences Funchess faced if he chose to plead guilty to Count I, which included the enhancement. Funchess takes issue with the fact that he is not eligible for parole or a reduced sentence – restrictions that he claims were not conveyed to him by his counsel. However, the record belies this assertion. During the plea colloquy, Funchess agreed that he could not rely on any representations that were made to him as they pertained to his sentence. "Solemn declarations made in open court carry a strong presumption of verity." *Jones v. State*, 885 So. 2d 83, 87 (¶8) (Miss. Ct. App. 2004) (citation omitted). As such, even if Funchess had been told by his counsel that he could receive parole or a reduced sentence, the circuit court made clear that such representations were invalid given the nature of the plea. Funchess stated that he understood, and proceeded with his plea hearing. Accordingly, we find this issue to be meritless.

## II. Assistance of Counsel

¶9. Funchess claims that because his counsel allegedly misinformed him about the possibility of parole or a reduced sentence, he was denied effective assistance of counsel in entering his guilty plea. It is well settled that in order for a defendant to prevail on an ineffective-assistance-of-counsel claim, he must "show by a preponderance of the evidence (1) that counsel's performance was deficient, and (2) [that] but for the deficiencies, the trial court outcome would have been different." *Jones v. State*, 976 So. 2d 407, 410-11 (¶6) (Miss. Ct. App. 2008) (quoting *Ward v. State*, 914 So. 2d 332, 336 (¶12) (Miss. Ct. App. 2005)).

Additionally, under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial . . . ." Finally, "a presumption exists that the attorney's conduct was adequate." *Hull v. State*, 983 So. 2d 331, 333-34 (¶11) (Miss. Ct. App. 2007) (citing *Burns v. State*, 813 So. 2d 668, 673 (¶14) (Miss. 2001)).

¶10. As discussed above, we find no merit to the contention that Funchess's guilty plea was involuntarily or unintelligently entered. Funchess asserted in his plea petition and again in open court that he understood the ramifications of pleading guilty. He also acknowledged that his guilty plea included the enhancement and its effect on his sentence. Without an affidavit or other evidence to show otherwise, we find nothing in the record to indicate that Funchess's counsel improperly explained the sentence. Even if he had been misinformed by his attorney, the circuit court clearly outlined the sentencing ramifications of his plea. Finally, when asked if he was satisfied with his representation, Funchess responded affirmatively. *See Jones,* 885 So. 2d at 87 (¶8) (citation omitted). Accordingly, Funchess fails to establish a prima facie case for ineffective assistance of counsel. This issue is without merit.

### III. Enhancement

¶11. Funchess also argues that the enhancement should have been submitted to a jury and proven beyond a reasonable doubt. Funchess argues that he did not plead guilty to the "alleged fact" that the sale of cocaine was made within 1,500 feet of a school.

¶12. Mississippi Code Annotated section 41-29-142 (Rev. 2013) provides:

[A]ny person who violates or conspires to violate Section 41-29-139(a)(1), Mississippi Code of 1972, by selling. . . a controlled substance, in or on, or within one thousand five hundred (1,500) feet of, a building or outbuilding which is all or part of a public or private elementary, vocational or secondary school, or any church, public park, ballpark, public gymnasium, youth center or movie theater or within one thousand (1,000) feet of, the real property comprising such public or private elementary, vocational or secondary school, or any church, public park, ballpark, public gymnasium, youth center or movie theater shall, upon conviction thereof, be punished by the term of imprisonment or a fine, or both, of that authorized by Section 41-29-139(b) and, in the discretion of the court, may be punished by a term of imprisonment or a fine, or both, of up to twice that authorized by Section 41-29-139(b).

Funchess was fully advised that his plea included the enhancement and Funchess agreed on the record to the State's recitation of all of the necessary elements of the enhancement:

| | |
|---|---|
| State: | The State would show on September 17, 2007[,] . . . [t]his defendant arrived driving a vehicle . . . [and] met with a confidential informant . . . within [the] city limits of Madison within Madison County. . . . [T]his Defendant sold the confidential informant cocaine. All of this occurred within 1,500 feet of Saint Joseph's Catholic School. |
| Court: | Mr. Funchess, you have any disagreement with that factual basis. |
| Funchess: | No, sir. |

¶13. Once again the record belies Funchess's argument. Funchess admitted to the elements of the crime, and at no point did Funchess object to the enhancement portion of his guilty plea. We also point out that Funchess's voluntary plea of guilty waived the State's need to "formally prove every element of the crime beyond a reasonable doubt." *Jewell v. State*, 946 So. 2d 810, 814 (¶16) (Miss. Ct. App. 2006); *see also Jones v. State*, 174 So. 3d 902, 907 (¶11) (Miss. Ct. App. 2015).

### IV. Subsequent PCR Motion

8

¶14.    In his second PCR motion, Funchess sought relief by contending that he was denied his right to a speedy trial.  PCR motions are barred from our review if the movant has filed a previous PCR motion.  Miss. Code Ann. § 99-39-23(6) (Rev. 2015); *See White*, 59 So. 3d 635 (¶6).  Furthermore, the circuit court, in its order denying the PCR motion, stated that, "by entering a plea of guilty, [Funchess] . . . waived his right to a speedy trial."  We agree.  This issue is also without merit.

¶15.    **THE JUDGMENTS OF THE MADISON COUNTY CIRCUIT COURT DISMISSING THE MOTIONS FOR POSTCONVICTION RELIEF ARE AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY**.

        **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**