# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-00937-COA

JORDY DEVONTE JOHNSON A/K/A JORDY      APPELLANT
JOHNSON A/K/A JORDY D. JOHNSON A/K/A
JORDY DE' VONTE JOHNSON

v.

STATE OF MISSISSIPPI      APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/07/2014 |
| TRIAL JUDGE: | HON. M. JAMES CHANEY JR. |
| COURT FROM WHICH APPEALED: | SHARKEY COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: W. DANIEL HINCHCLIFF |
| |     GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | RICHARD SMITH JR. |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF STATUTORY RAPE AND SENTENCED TO TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TWENTY YEARS TO SERVE, FIVE YEARS SUSPENDED, AND FIVE YEARS OF POSTRELEASE SUPERVISION, AND TO REGISTER AS A SEX OFFENDER UPON RELEASE FROM INCARCERATION |
| DISPOSITION: | AFFIRMED - 07/26/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE LEE, C.J., CARLTON AND GREENLEE, JJ.

## CARLTON, J., FOR THE COURT:

¶1.	Jordy Johnson appeals his conviction and sentence for statutory rape. *See* Miss. Code

Ann. § 97-3-65(1)(b) (Supp. 2008). On appeal, Johnson asserts that his indictment was defective. Finding no error, we affirm.

**FACTS**

¶2. On April 11, 2011, a grand jury indicted Johnson for the statutory rape of twelve-year-old I.S.[1] *See id.* Johnson's indictment charged the following:

> Johnson[,] on . . . January 12, 2011, being eighteen (18) years of age at the time of the offense and whose date of birth was November 2, 1992, . . . did willfully, unlawfully[,] and feloniously have sexual intercourse with a child[, I.S.,] who was twelve (12) years old at the time, being under the age of 14 years, whose date of birth was October 15, 1998[,] and who was twenty-four (24) or more months younger than said [D]efendant and not the spouse of said [D]efendant at the time, in violation of Mississippi Code [Annotated section] 97-3-65(1)(b), contrary to the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.

¶3. Following Johnson's trial, a jury found him guilty of statutory rape. On May 7, 2014, the circuit court entered an order sentencing Johnson to twenty-five years in the custody of the Mississippi Department of Corrections, with twenty years to serve, five years suspended, and five years of postrelease supervision. The circuit court also ordered Johnson to register as a sex offender upon his release from incarceration. Johnson filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. However, on May 6, 2014, the circuit court entered an order denying Johnson's motion.

¶4. Aggrieved, Johnson filed the present appeal. On July 13, 2015, Johnson's appointed

---

[1] Due to the nature of this case and the victim's age, we substitute initials for the victim's name.

2

counsel filed a *Lindsey*[2] brief, "a brief in which counsel, after detailing the facts and procedural history, certified he had diligently scoured the record but could find no arguable issues for appeal." *Moore v. State*, 119 So. 3d 1116, 1117 (¶2) (Miss. Ct. App. 2013). On November 21, 2014, Johnson filed a motion with this Court to quash his indictment, and he asserted that his indictment was defective. On December 5, 2014, Johnson filed a pro se brief, styled as a "Writ of Habeas Corpus," in which he again alleged that his indictment was defective. On December 10, 2014, this Court entered an order on Johnson's motion to quash and found "that the motion should be passed for consideration with the merits of the appeal."

## DISCUSSION

### I.    *Lindsey* Brief

¶5.    In *Lindsey v. State*, 939 So. 2d 743, 748 (¶18) (Miss. 2005), the Mississippi Supreme Court established the procedure to follow where an appellate attorney representing an indigent criminal defendant believes his client's case presents no arguable issues for appeal.

¶6.    As our supreme court has explained, the appellate counsel must comply with the following requirements:

> Appellate counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28 and certify to the court a diligent review of the procedural and factual history of the criminal action has taken place and that there are no arguable issues supporting the client's appeal. Counsel must specifically examine:
>
> (a) the reason for the arrest and circumstances surrounding the

---

[2] *Lindsey v. State*, 939 So. 2d 743, 748 (¶18) (Miss. 2005).

3

arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

Counsel must then transmit a copy of the appellant's brief to the client, inform him or her of the findings, and explain his or her right to file an appellate brief pro se. At this point—once all of the briefs are filed—an appellate court shall evaluate the case on its merits and render its opinion.

*Havard v. State*, 94 So. 3d 229, 234-35 (¶10) (Miss. 2012) (internal citations and quotations marks omitted) (quoting *Lindsey*, 939 So. 2d at 748 (¶18)).

¶7.    In the present case, Johnson's appellate counsel certified to this Court that he followed the procedure required of him by Mississippi caselaw. Although we find no need for additional briefing from Johnson's appellate counsel, we recognize that Johnson filed his own pro se appellate brief. We therefore turn to an analysis of the issue raised in Johnson's pro se brief.

## II.    Defective Indictment

¶8.    In both his motion to quash his indictment and his appellate brief, Johnson argues that his indictment was defective because it failed to meet the requirements of Mississippi Code Annotated section 99-7-9 (Rev. 2015). Specifically, Johnson asserts that his indictment lacked the grand-jury foreman's signature and was not marked "filed," with the entry signed and dated by the circuit-court clerk. *See* Miss. Code Ann. § 99-7-9. As our caselaw recognizes, these two alleged defects in Johnson's indictment are nonjurisdictional. *See Jones v. State*, 356 So. 2d 1182, 1183 (Miss. 1978).

4

¶9.     Johnson failed to raise the issue of these alleged indictment defects before the circuit court, and he instead raises the issue for the first time on appeal to this Court.  However, Mississippi Code Annotated section 99-7-21 (Rev. 2015) provides that, because the alleged defects appeared on the face of his indictment, Johnson should have objected to them before the start of his trial.  *See McCain v. State*, 81 So. 3d 1130, 1140 (¶32) (Miss. Ct. App. 2011); *see also Baker v. State*, 930 So. 2d 399, 404 (¶9) (Miss. Ct. App. 2005) (providing that, absent a showing of cause and actual prejudice, a defendant must raise any alleged nonjurisdictional defects in his indictment prior to appeal).  Because Johnson failed to timely raise this issue with the circuit court, we find that he waived the alleged nonjurisdictional defects in his indictment and that this assignment of error is procedurally barred.  *See McCain*, 81 So. 3d at 1140 (¶32); *Baker*, 930 So. 2d at 405 (¶10).

¶10.     Notwithstanding the procedural bar, we also find that Johnson's argument lacks merit. Despite Johnson's assertions, the record reflects that his indictment fulfilled the statutory requirements for presentment of an indictment.  The record shows that the grand-jury foreman's affidavit accompanied Johnson's indictment.  The affidavit contained the grand-jury foreman's signature and stated that the indictment was concurred in by twelve or more members of the grand jury, with at least fifteen members of the grand jury present during all deliberations.  In addition, the record reflects that the circuit-court clerk signed, dated, and stamped the affidavit.  Thus, we find no merit to Johnson's argument that his indictment was defective.

¶11. **THE JUDGMENT OF THE SHARKEY COUNTY CIRCUIT COURT OF CONVICTION OF STATUTORY RAPE AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TWENTY YEARS TO SERVE, FIVE YEARS SUSPENDED, AND FIVE YEARS OF POSTRELEASE SUPERVISION, AND TO REGISTER AS A SEX OFFENDER UPON RELEASE FROM INCARCERATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SHARKEY COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**