# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00033-COA

MARQUEZ HICKENBOTTOM                                                    APPELLANT

v.

STATE OF MISSISSIPPI                                                      APPELLEE

DATE OF JUDGMENT:                12/08/2015
TRIAL JUDGE:                     HON. MARCUS D. GORDON
COURT FROM WHICH APPEALED:       SCOTT COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          MARQUEZ HICKENBOTTOM (PRO SE)
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: ALICIA MARIE AINSWORTH
NATURE OF THE CASE:              CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION:         MOTION FOR POSTCONVICTION RELIEF
                                 DISMISSED
DISPOSITION:                     AFFIRMED - 06/27/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE LEE, C.J., BARNES AND WESTBROOKS, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.     Marquez Hickenbottom pleaded guilty to strong-arm robbery in the Circuit Court of

Scott County.   He was sentenced to fifteen years in the custody of the Mississippi

Department of Corrections, followed by five years of probation.   Hickenbottom was also

ordered to pay a fine of $1,500.   Hickenbottom filed a motion for postconviction relief

(PCR).  The circuit court "denied and dismissed" his motion by order.  Hickenbottom timely

appeals.  Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.    In April 2013, Hickenbottom was indicted on one count of armed robbery.[1]  The circuit court ordered an independent mental evaluation and hearing to determine Hickenbottom's competency to stand trial or plead guilty, after Hickenbottom's trial counsel alerted the court of his client's possible mental deficiencies.  Dr. Mark Webb, a psychiatrist with the State of Mississippi, performed a psychological evaluation on Hickenbottom.  He concluded that Hickenbottom was competent to stand trial or plead guilty.

¶3.    In January 2014, at the competency hearing, the trial court adopted Dr. Webb's findings, and Hickenbottom entered his plea of guilty of strong-arm robbery.  The circuit court accepted Hickenbottom's guilty plea and sentenced him to fifteen years in the custody of the Mississippi Department of Corrections, with five years of probation.  Hickenbottom was also ordered to pay a fine of $1,500.  Further, the court maintained jurisdiction over the matter for a period of one year, reserving the right to vacate the sentence if Hickenbottom failed to truthfully testify against Anderson if called to do so.

¶4.    In December 2015, Hickenbottom filed a PCR motion.  He alleged he was not competent to plead guilty, and that he received ineffective assistance of counsel.  The trial court entered an order denying and dismissing Hickenbottom's PCR motion. Hickenbottom timely appeals.

**STANDARD OF REVIEW**

---

[1] On or about December 2012, Hickenbottom stated he was with Leandre Anderson ("Duke") when Duke robbed Mack Wiltcher, Emily Morgan Daugherty, and Christy Bell. Cellphones and money were stolen from the victims.  A .410 shotgun was also stolen. Duke brandished a firearm during the robbery.

¶5.     "We review the dismissal or denial of a PCR motion for abuse of discretion." *Hughes v. State*, 106 So. 3d 836, 838-39 (¶4) (Miss. Ct. App. 2012). "We will only reverse if the trial court's decision is clearly erroneous." *Id*. "When reviewing questions of law, our standard is de novo." *Id*. (citations omitted). "This [C]ourt will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate a claim procedurally alive substantially showing the denial of a state or federal right." *Id*. at 839 (¶4) (citation and quotation marks omitted).

## DISCUSSION

### I.     Guilty Plea

¶6.     Hickenbottom asserts the trial court's determination of the facts was unreasonable. He claims his guilty plea was not voluntarily given, because he was not competent to understand the nature of the charges against him or the consequences of his plea. Hickenbottom further asserts that the trial court overlooked the seriousness of his mental state at the time the crime was committed, and the State-appointed psychiatrist did not review all of his medical records to make a determination of competency. Further, Hickenbottom argues that Dr. Webb failed to support his finding of competency with reliable evidence. We disagree.

¶7.     In the trial court's order denying Hickenbottom's PCR motion, it is noted that the court was made aware through defense counsel that Hickenbottom may have had some mental deficiencies. As a result, the trial judge ordered that Hickenbottom undergo a mental

3

evaluation.[2] "Under [Uniform Rule of Circuit and County Court] 9.06, the circuit court must order a mental evaluation and conduct a competency hearing if it has reasonable ground to believe that the defendant is incompetent to stand trial." *Watson v. State*, 100 So. 3d 1034, 1039 (¶14) (Miss. Ct. App. 2012) (citation and quotation marks omitted). "What constitutes 'reasonable ground' rests largely within the discretion of the trial judge." *Id*. "On review, the pertinent question is whether the trial judge received information which, objectively considered, should reasonably have raised a doubt about the defendant's competence and alerted the judge to the possibility that the defendant could neither understand the proceedings, appreciate their significance, nor rationally aid his attorney in his defense." *Id*. (quotation marks omitted).

¶8.     The following is an excerpt from Hickenbottom's guilty plea:

COURT:  And you've just entered a plea of guilty to the crime that requires that you be sentenced to the penitentiary?  Are you aware of that?

HICKENBOTTOM: Yes, sir.

COURT: And do you understand that this is a hearing here to accept your plea?

HICKENBOTTOM: Yes, sir.

. . . .

COURT: Are you under the influence of drugs or alcohol at this time?

_____

[2] The record does not reflect that Hickenbottom's counsel filed a motion for a psychiatric evaluation.  However, trial counsel verbally informed the trial court of Hickenbottom's mental-health history, and the trial judge ordered a psychiatric evaluation.

4

HICKENBOTTOM: No, sir.

COURT: Do you know what you're doing?

HICKENBOTTOM: Yes, sir.

. . . .

COURT: Do you understand that you are going to be sentenced to the penitentiary?

HICKENBOTTOM: Yes, sir.

¶9.     "When reviewing the voluntariness of [a] guilty plea, we will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous." *Funchess v. State*, 202 So. 3d 1286, 1289 (¶7) (Miss. Ct. App. 2016) (citations and quotation marks omitted).  "Additionally, the burden of proving that a guilty plea is involuntary is on the defendant and must be proven by a preponderance of the evidence." *Id*. (quotation marks omitted).  "To determine whether the plea is voluntarily and intelligently given, the trial court must advise the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea." *Id*. (citation omitted).

¶10.    Dr. Webb, a psychiatrist for the State, examined Hickenbottom and determined he was competent to stand trial or plead guilty and evaluated his criminal insanity at the time the crime was committed.  At the competency hearing, Dr. Webb testified he reviewed Hickenbottom's offense reports and the information Hickenbottom brought with him during the examination.  Dr. Webb further testified that Hickenbottom was very intelligent, and did a great job of explaining to him everything that was going on regarding the charges he faced.

He stated Hickenbottom was aware that he had been charged with armed robbery, and concluded that Hickenbottom was competent to assist his attorney in his defense. Additionally, Hickenbottom's trial counsel had the opportunity to cross-examine Dr. Webb during the hearing. The trial court adopted Dr. Webb's findings.

¶11. Hickenbottom represented to the court that he understood the nature of the charge against him and the consequences of the plea. Hickenbottom asserts that his mental issues dealing with depression made him incompetent to plead guilty. "The constitutional right not to be tried or convicted while incompetent is a component of a defendant's due-process right to a fair trial." *Brasso v. State*, 195 So. 3d 856, 859 (¶9) (Miss. Ct. App. 2016). Despite being advised on Hickenbottom's past mental-illness history including depression, suicide attempts, and hospitalizations, the trial judge found no evidence at the hearing to support Hickenbottom's assertion that he is incompetent to stand trial. The trial court was also advised on Hickenbottom's alcohol and drug use. Moreover, the trial court noted that Hickenbottom did not submit any affidavits from doctors regarding his mental-health treatment for review. However, the trial court found that Hickenbottom presented no evidence that his guilty plea was involuntarily given. Accordingly, we find this issue to be without merit.

## II.     Assistance of Counsel

¶12. Hickenbottom asserts that his trial counsel failed to present an insanity defense before the court, and that his trial counsel failed to present any evidence or facts about his extensive mental-health history. As a result of this failure, Hickenbottom argues his counsel offered

ineffective assistance. We disagree.

¶13. "It is well settled that in order for a defendant to prevail on an ineffective assistance of counsel claim, he must show by a preponderance of the evidence (1) that counsel's performance was deficient, and (2) that but for the deficiencies, the trial court outcome would have been different." *Funchess*, 202 So. 3d at 1290 (¶9) (citation and quotation marks omitted). "Additionally, under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a defendant must show that counsel's errors were so serious as to deprive the defendant of a fair trial." *Funchess*, 202 So. 3d at 1290 (¶9) (quotation marks omitted). "Finally, a presumption exists that the attorney's conduct was adequate." *Id.* (citation and quotation marks omitted).

¶14. The record reflects that Hickenbottom received effective assistance of counsel, because his trial counsel made the court aware of his past history of mental issues. Trial counsel cross-examined Dr. Webb during the competency hearing. The following is an excerpt from Hickenbottom's guilty plea:

COURT: Are you satisfied with your lawyer?

HICKENBOTTOM: Yes, sir.

COURT: Do you have any complaints about him?

HICKENBOTTOM: No, sir.

Hickenbottom did not object when the court asked whether he was satisfied with his attorney.

¶15. The trial court found that Hickenbottom also failed to argue the second prong needed

7

for an ineffective-assistance-of-counsel claim. As a result, the court found Hickenbottom failed to establish a prima facie case of ineffective assistance of counsel. We agree. Accordingly, we find the trial court did not abuse its discretion by dismissing Hickenbottom's PCR motion, and we affirm.

¶16. **THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR.**