# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00517-COA

**JAMES CHARLES FUNCHESS A/K/A JAMES C. FUNCHESS A/K/A JAMES FUNCHESS**  APPELLANT

**v.**

**STATE OF MISSISSIPPI**  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/26/2018 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES CHARLES FUNCHESS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 03/26/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., GREENLEE AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     James Charles Funchess pleaded guilty to one count of sale of cocaine within 1,500 feet of a school.  He was sentenced to sixty years, with thirty years suspended and five years of postrelease supervision.  Funchess filed two prior motions for postconviction relief (PCR). This appeal concerns Funchess's third motion for PCR.  His first two were dismissed by the trial court, and he appealed both dismissals.  This Court consolidated the appeals and affirmed the trial court's decisions. *Funchess v. State*, 202 So. 3d 1286, 1288 (¶1) (Miss. Ct. App. 2016) (*Funchess I*).

¶2.     Funchess now appeals, asserting (1) his indictment was insufficient, (2) his plea was

involuntary, (3) he received ineffective assistance of counsel, and (4) the sentence was illegal. Finding no error, we affirm.

## STANDARD OF REVIEW

¶3. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Bass v. State*, 237 So. 3d 172, 173 (¶4) (Miss. Ct. App. 2017).

## DISCUSSION

¶4. When a prisoner has already filed a PCR motion, the second or a successive PCR motion is barred. Miss. Code Ann. § 99-39-23(6) (Rev. 2015). Because this is Funchess's third PCR motion, it is barred as successive.

¶5. Yet "[e]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act]." *Williams v. State*, 158 So. 3d 1171, 1173 (¶4) (Miss. Ct. App. 2014). However, "mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar." *Id.* In addition to the successive-writ bar, Funchess argues similar issues as those set forth in his prior PCR motions, which we addressed fully in *Funchess I*. Regardless, we will review the issues to determine whether Funchess has overcome the procedural bar.

### I.     Indictment

¶6. Funchess argues that his indictment was defective because it did not include an essential element of the crime charged, namely the quantity of cocaine. In *Funchess I*, we

2

determined that Funchess had knowingly and voluntarily entered his guilty plea. *Funchess I*, 202 So. 3d at 1289 (¶8). By pleading guilty, Funchess waived "all technical and non-jurisdictional defects contained in the indictment . . . ." *Clark v. State*, 54 So. 3d 304, 308 (¶9) (Miss. Ct. App. 2011). Even if Funchess had not pleaded guilty, the quantity of cocaine sold was not an essential element of the crime at the time of his offense. *Belton v. State*, 968 So. 2d 501, 506 (¶18) (Miss. Ct. App. 2007).

¶7. Funchess also argues that the indictment omitted the word "on" from the beginning of the phrase "or about the 17th Day of September, 2007." However, this is a technical defect that Funchess waived when he pleaded guilty. This issue is without merit.

**II. Plea**

¶8. As previously stated, we addressed this issue in *Funchess I*, and so it is barred. *Funchess I*, 202 So. 3d at 1288-90 (¶¶6-8). Funchess also argues that "the trial court failed to ascertain a factual basis that [he] was actually guilty." However, during the plea hearing, the trial court required the State to demonstrate what it would have proved had Funchess elected to go to trial. After the State's offer of proof, the trial court asked both Funchess and his attorney whether they disagreed with the State's factual basis. Both replied no. This issue is without merit.

**III. Assistance of Counsel**

¶9. Funchess raised this issue in *Funchess I. See id.* at 1289-90 (¶¶9-10). Here, he claims his trial attorney was ineffective for different reasons: he failed to explain the State's burden of proof, he failed to act on evidence that Funchess was innocent, and he coerced Funchess

into pleading guilty. To prevail on a claim for ineffective assistance of counsel, Funchess must prove that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This Court has held in PCR cases that "where a party offers only his affidavit, then his ineffective[-]assistance claim is without merit." *Alford v. State*, 185 So. 3d 429, 432 (¶16) (Miss. Ct. App. 2016). Funchess offers nothing—apart from his own assertions—to demonstrate that his counsel was ineffective. As we noted in *Funchess I*, Funchess responded affirmatively when asked if he was satisfied with his representation. *Funchess I*, 202 So. 3d at 1209 (¶10). This issue is without merit.

## IV. Sentence

¶10. In this issue, Funchess argues that his sentence is illegal because his indictment was defective for not including the quantity of cocaine. As discussed in the first issue, this argument is without merit.

¶11. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND C. WILSON, JJ., CONCUR.**

4