# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CA-01043-COA

**VINCENT SMITH, JR. A/K/A VINCENT D. SMITH, JR. A/K/A VINCENT DWIGHT SMITH, JR.**                                                   **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                   **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/18/2020 |
| TRIAL JUDGE: | HON. ELEANOR JOHNSON PETERSON |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | JOHN MICHAEL DUNCAN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 09/21/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2020-CA-01044-COA

**VINCENT SMITH, JR. A/K/A VINCENT D. SMITH, JR. A/K/A VINCENT DWIGHT SMITH, JR.**                                                   **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                   **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/18/2020 |
| TRIAL JUDGE: | HON. ELEANOR JOHNSON PETERSON |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | JOHN MICHAEL DUNCAN |

ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: BARBARA WAKELAND BYRD

NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                     AFFIRMED - 09/21/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**CONSOLIDATED WITH**

**NO. 2020-CA-01045-COA**

**VINCENT SMITH, JR. A/K/A VINCENT D.**                    **APPELLANT**
**SMITH, JR., A/K/A VINCENT DWIGHT SMITH,**
**JR.**

**v.**

**STATE OF MISSISSIPPI**                                    **APPELLEE**

DATE OF JUDGMENT:                08/18/2020
TRIAL JUDGE:                     HON. ELEANOR JOHNSON PETERSON
COURT FROM WHICH APPEALED:       HINDS COUNTY CIRCUIT COURT,
                                 FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:          JOHN MICHAEL DUNCAN
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                     AFFIRMED - 09/21/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE BARNES, C.J., WESTBROOKS AND McCARTY, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     Vincent Smith Jr. appeals from the Hinds County Circuit Court's denial of his motions

for post-conviction collateral relief (PCR). After a review of the record, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2.     This action is based on four indictments returned by a Hinds County grand jury:

2

(1) in Cause Number 13-1-176, Smith was indicted for four counts of house burglary (Counts I-IV);

(2) in Cause Number 13-1-305, he was indicted for one count of house burglary (Count I), two counts of armed robbery (Counts II and III), two counts of aggravated assault (Counts IV and V), and one count of motor vehicle theft (Count VI);

(3) in Cause Number 13-1-538, he was indicted for one count of conspiracy to commit aggravated assault (Count I) and one count of aggravated assault (Count II);

(4) in Cause Number 13-1-462, he was indicted for one count of possession of a controlled substance (Count I).

¶3. On or about August 8, 2014, Smith agreed to the plea recommendation offered by the State regarding certain counts set forth above. Smith was represented by a court-appointed attorney from the Hinds County Public Defender's Office. Smith met with counsel prior to the plea hearing to review discovery and discuss witness statements from co-defendants. He faced a life sentence for each of his armed-robbery charges and an aggregate sentence of up to two-hundred years for his other charges. On the advice of counsel, Smith entered a plea of guilty to Counts I-IV in Cause Number 13-1-176; Counts I-IV and Count VI in Cause Number 13-1-305; Count II in Cause Number 13-1-538; and Count I in Cause Number 13-1-462. The trial court ordered Smith to serve a total of forty years in the custody of the Mississippi Department of Corrections to be followed by five years of supervised probation.[1] Count V in Cause Number 13-1-305 and Count I in Cause Number 13-1-538 were remanded to the files as part of the plea agreement. Sentencing and remand orders were filed on

---

[1] The forty years was to be served concurrently with an unrelated sentence in Madison County Circuit Court Cause Number 2013–0664-E.

August 11, 2014.

¶4. On August 11, 2017, Smith filed three PCR motions (corresponding to three of the four indictments) with the trial court arguing ineffective assistance of counsel, and all were denied. He now appeals.[2]

## STANDARD OF REVIEW

¶5. We will not reverse a trial court's denial of a PCR motion absent a finding that the decision was clearly erroneous. *McLaurin v. State*, 114 So. 3d 811, 813 (¶4) (Miss. Ct. App. 2013) (citing *Holloway v. State*, 31 So. 3d 656, 657 (¶5) (Miss. Ct. App. 2010)). Where issues of law are raised, we apply a de novo review. *Rice v. State*, 910 So. 2d 1163, 1164-65 (¶4) (Miss. Ct. App. 2005) (citing *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999)).

## DISCUSSION

### A. Ineffective Assistance of Counsel

¶6. Smith raises a claim for ineffective assistance of counsel. Specifically, he claims that his counsel "failed to adequately investigate, interview witnesses or adequately review the discovery produced by the State." In order to succeed on this claim, Smith must "show by a preponderance of the evidence (1) that [his] counsel's performance was deficient, and (2) that but for the deficiencies, the trial court outcome would have been different." *Funchess v. State*, 202 So. 3d 1286, 1290 (¶9) (Miss. Ct. App. 2016) (citation omitted). In this instance, because Smith pled guilty, "he must show unprofessional errors of substantial

---

[2] Smith appeals the convictions stemming from three separate indictments. As the arguments made are substantially similar, the appeals have been consolidated. Except where noted, the holdings in this opinion pertain to all three appeals (2020-CA-01043-COA; 2020-CA-01044-COA; 2020-CA-01045-COA).

gravity." *Cole v. State*, 918 So. 2d 890, 894 (¶10) (Miss. Ct. App. 2006). "He must also show that the deficient conduct proximately resulted in his guilty plea, and but for counsel's errors, he would not have entered the plea." *Id*.

¶7. To prevail on his claim for failure to investigate, Smith must specify what the investigation would have shown and how it would have changed the outcome. *Robinson v. State*, 964 So. 2d 609, 614 (¶21) (Miss. Ct. App. 2007). Smith presents no evidence or other information indicating what his lawyer failed to find through his allegedly inadequate review of the discovery or who his attorney allegedly should have interviewed. He states in his affidavit, "Had I known then what I know now, I would have insisted on going to trial rather than pleading guilty." But Smith does not mention any evidence (either in the discovery or through witness testimony) that would have lessened any of the charges against him, and he does not state any opposing theory to rebut the State's allegations. Instead his brief contains vague assertions of alleged misdoing by his attorney. "It is an appellant's duty to justify his arguments of error with a proper record, which does not include mere assertions in his brief, or the trial court will be considered correct." *Bias v. State*, 245 So. 3d 534, 538 (¶13) (Miss. Ct. App. 2017) (quoting *Bass v. State*, 888 So. 2d 1187, 1190 (¶14) (Miss. Ct. App. 2004)).

¶8. Smith also takes issue with the fact that his attorney only met with him one time and did not answer his questions about the discovery that was produced by the State. Smith does not specify what questions were asked of his counsel that went unanswered. When Smith voluntarily pled guilty, he told the trial court that he was satisfied with his counsel's representation. Smith swore that his counsel went over all of the charges against him, as well

5

as the elements that the State would have to prove. Smith has failed to show that his defense was deficient or that his attorney's conduct and recommendations were anything other than sound trial strategy that constituted "reasonable professional assistance . . . based on the totality of the circumstances." *Frierson v. State*, 606 So. 2d 604, 608 (Miss. 1992). Therefore, we find this issue to be without merit.

### B.       Defective Indictment

¶9.       Smith argues that the indictment in Hinds County Cause Number 13-1-305 was fatally defective as the grand jury foreman did not sign it, nor was it accompanied by an affidavit from the foreman as required by Mississippi Code Annotated section 99-7-9 (Supp. 2012).[3] According to Smith, the flawed indictment did not properly confer jurisdiction on the trial court, and his convictions stemming from the indictment should be vacated.

¶10.      Smith was specifically asked about the indictment in Cause Number 13-1-305 at his plea hearing, but he did not raise the issue of possible defects in the indictment.

> EXAMINATION BY THE COURT:
>
> Q.       All right, sir. Mr. Smith, I've got your petition to enter guilty pleas in indicted case number 13-1-176 and all counts thereto as well as 13-1-305 and all counts thereto, 13-1-462 and all counts thereto and 13-1-538 and all counts in that indictment. You've previously entered not guilty pleas to all these charges. It's my understanding that at this time you wish to withdraw the not guilty pleas and enter guilty pleas; is that correct?
>
> A.       Yes, sir.
>
> Q.       You're represented by Mr. Yemi Kings of the Hinds County Public

---

[3] This argument pertains to trial court Cause Number 13-1-305 which was assigned docket number 2020-CA-01044-COA for purposes of this appeal.

6

Defender's Office. Are you satisfied with Mr. Kings' representation?

A.  Yes, sir.

Q.  I know in the -- you've got quite a few charges against you here. Did Mr. Kings sit down and go over each charge with you as to the elements of the case that the State would have to prove in order to get a conviction?

A.  Yes, sir.

Q.  Did he go over with you all of your possible defenses to all indicted charges?

A.  Yes, sir.

Q.  Has anyone made any promises to you, any threats to you or otherwise coerced you in any way in order to get you to change your plea?

A.  No, sir.

Q.  Are you telling me then under your oath that if you change your plea and enter guilty pleas, it'd be your free and voluntary act; is that correct?

A.  Yes, sir.

. . . .

Q.  Regarding indictment number 13-1-305, did he advise you as to the minimum and maximums in that?

A.  Yes, sir.

Q.  As to count one, 25 years and a $10,000 fine down to three years; count two, life and a $10,000 fine all the way back down to three years; count three, life, $10,000 fine the maximum down to three years; count four, 20 years, $10,000 fine with no minimum; count five, 20 years, $10,000 fine with no minimum; count six, 10 years and a $10,000 fine with no minimum. Did he advise you that I could sentence you separately on all of these and make them run consecutive?

7

A.     Yes, sir.

Q.     And you understand what consecutive is, that's back to back?

A.     Yes, sir.

. . . .

Q.     . . . Do you understand that you are waiving your right to a trial by jury in all of these cause numbers in all counts?

A.     Yes, sir.

. . . .

Q.     Do you understand that you're waiving this right of confrontation in all indictments in all counts?

A.     Yes, sir.

. . . .

Q.     You fully understand, Mr. Smith, by entering a guilty plea to these charges as per indictment in all counts you are waiving your [F]ifth [A]mendment right against self-incrimination as guaranteed to you by the United States Constitution? Do you understand that?

A.     Yes, sir.

. . . .

Q.     After having been advised by the Court of your rights and the consequence of waiver of these rights that I've just explained to you, is it still your desire to enter guilty pleas?

A.     Yes, sir.

. . . .

Q.     Mr. Smith, you've heard the State's case against you by way of indictment -- excuse me -- by what proof would be offered to a jury in indictment number 13-1-176 and all counts thereto, in 13-1-462

8

and all counts thereto, in 13-1-305 and all counts and 13-1-538. Do you agree with all those facts?

A. Yes, sir.

Q. So you confess those facts in all of the indictments in all counts as presented to this Court by Ms. Hunter of the Hinds County District Attorney's Office as all being true; is that correct?

A. Yes, sir.

. . . .

Q. 13-1-305, count one, how do you plead?

A. Guilty.

Q. Count two?

A. Guilty.

Q. Count three?

A. Guilty.

Q. Count four?

A. Guilty.

Q. And count six?

A. Guilty.

¶11. In fact, Smith first alleged that the indictment was defective on appeal. It is well-settled that the lack of a signature is non-jurisdictional. *Johnson v. State*, 196 So. 3d 1118, 1120 (¶8) (Miss. Ct. App. 2016). The Supreme Court has held that the same is true with regard to an affidavit of the grand jury foreman. *Brooks v. State*, 573 So. 2d 1350, 1353-54 (Miss. 1990). Both of the issues raised by Smith "are technical and non-jurisdictional

9

deficiencies that were waived when [he] failed to timely raise them in the trial court." *Id.* at 1354. "A valid guilty plea . . . admits all elements of a formal criminal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant." *Id.* at 1352. Based on the foregoing, this assignment of error is procedurally barred.

### C. Cumulative Error

¶12. Under the cumulative-error doctrine, "individual errors, which are not reversible in themselves, may combine with other errors to make up reversible error, where the cumulative effect of all errors deprives the defendant of a fundamentally fair trial." *Ross v. State*, 954 So. 2d 968, 1018 (¶138) (Miss. 2007). Smith maintains that his guilty plea should be vacated based on his combined claims of ineffective assistance of counsel and the alleged defective indictment. Our review finds that the trial court committed no error (reversible or otherwise) with regard to either of these claims. As Smith states in his brief, "where 'there was no reversible error in any part, so there is no reversible error to the whole.'" *Genry v. State*, 735 So. 2d 186, 201 (¶73) (Miss. 1999) (quoting *McFee v. State*, 511 So. 2d 130, 136 (Miss. 1987)). Therefore, we also find this issue to be without merit.

¶13. Based on the foregoing, we conclude that the trial court properly denied Smith's PCR motions.

¶14. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**