# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-KA-00281-COA

**TRABIS ROGER BAILEY A/K/A TRABIS BAILEY A/K/A TRABIS RODRICK BAILEY**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/10/2021 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: ZAKIA HELEN ANNYCE BUTLER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALEXANDRA RODU ROSENBLATT |
| DISTRICT ATTORNEY: | WILLIAM CROSBY PARKER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 05/10/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WILSON, P.J., GREENLEE AND McDONALD, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1. Trabis Bailey was convicted of fondling his then-six-year-old niece, M.J., and sentenced to life imprisonment as a violent habitual offender. On appeal, Bailey's appointed appellate counsel filed a *Lindsey* brief, certifying that the case presents no arguable issues for appeal.[1] Bailey then filed a pro se brief, arguing that the trial court lacked "jurisdiction" because his indictment was not marked "filed." Bailey's pro se argument is factually

---

[1] *See Lindsey v. State*, 939 So. 2d 743, 748 (¶18) (Miss. 2005).

mistaken and without merit. In addition, based on our independent review of the record, we concur with Bailey's appellate counsel that the case presents no arguable issues for appeal. Therefore, we affirm Bailey's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

¶2. Bailey was indicted for fondling his nieces M.J. (Count I) and T.J. (Count II) on Christmas night in 2018.[2] At the time of the offense, Bailey was thirty-five years old, and M.J. and T.J. were six and seven years old, respectively. The indictment alleged that Bailey rubbed M.J.'s buttock with his penis and rubbed T.J.'s vagina with his hand.

¶3. At trial, M.J. testified that on Christmas night in 2018, Bailey took off her clothes, unzipped his pants, and "touched [her] private" with "[h]is private." She testified that Bailey also bit her nipples. T.J. testified that Bailey pushed her shirt up with his hands and "tried to bite [her] stomach."

¶4. The State also introduced Bailey's recorded interview with Detective Nicholas Kehoe of the Gulfport Police Department. After waiving his *Miranda* rights, Bailey confessed to Kehoe that he had removed M.J.'s clothes and put his erect penis between her buttocks. Bailey said he molested M.J. "because [he] felt like that's what she wanted." Bailey denied that he ever touched T.J. inappropriately.

¶5. After the State rested its case-in-chief, the trial judge granted a directed verdict as to Count II because T.J. did not testify that Bailey had rubbed her vagina with his hand, as alleged in the indictment, but only that he had "tried to bite [her] stomach."

---

[2] We use initials to protect the children's privacy.

¶6. Bailey testified at trial, recanted his confession, and denied that he touched either of his nieces. Bailey claimed that he confessed to molesting M.J. only because he was afraid of his brother (the girls' father), and he "felt the best place to be was locked up."

¶7. The jury found Bailey guilty of fondling M.J., and the court sentenced him to life imprisonment as a violent habitual offender.[3] Bailey filed a motion for judgment notwithstanding the verdict or a new trial, which was denied, and a notice of appeal.

## ANALYSIS

¶8. On appeal, Bailey's appointed counsel filed a *Lindsey* brief, certifying that the case presents no arguable issues for appeal. *Lindsey* establishes the "procedure to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal." *Lindsey*, 939 So. 2d at 748 (¶18). Bailey's appellate counsel followed that procedure. In addition, this Court has "conducted an independent and thorough review of the record, and we conclude that there are no issues that warrant reversal." *Taylor v. State*, 162 So. 3d 780, 787 (¶18) (Miss. 2015).

¶9. After appellate counsel filed a *Lindsey* brief, Bailey exercised his right to file a pro se brief. *Lindsey*, 939 So. 2d at 748 (¶18); M.R.A.P. 28(b). Bailey raises only one issue, arguing that the trial court lacked "jurisdiction" because the circuit clerk did not mark the indictment "filed," as required by law. *See* Miss. Code Ann. § 99-7-9 (Rev. 2020); MRCrP 13.6(c). This argument is without merit. In fact, the circuit clerk signed Bailey's indictment

---

[3] Bailey had prior convictions for sexual battery and receiving stolen property for which he had been sentenced to and served terms of one year or more. *See* Miss. Code Ann. § 99-19-83 (Rev. 2020).

and clearly marked it as "filed." It is not clear why Bailey claims otherwise. Moreover, as a matter of law, the requirement that the clerk mark an indictment as "filed" is "merely procedural and not jurisdictional." *Bell v. State*, 207 So. 3d 705, 709 (¶16) (Miss. Ct. App. 2016). Therefore, the issue is waived when, as in this case, it is not timely raised in the trial court. *Johnson v. State*, 196 So. 3d 1118, 1120-21 (¶¶8-9) (Miss. Ct. App. 2016). For these reasons, Bailey's pro se argument is without merit, and his conviction and sentence are **AFFIRMED**.

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR. SMITH, J., NOT PARTICIPATING.**